UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STRIKE 3 HOLDINGS, LLC,
    *Plaintiff*,

v.

JOHN DOE subscriber assigned IP address 108.54.148.143,
    *Defendant*.

No. 3:21-cv-00937-VAB

## ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on Verizon Fios (hereinafter the "ISP"). *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004)); *Strike 3 Holdings, LLC v. Doe*, No. CV 3:17-1680 (CSH), 2017 WL 5001474 (D. Conn. Nov. 1, 2017); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address of 108.54.148.143, as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. The ISP shall have twenty-one (21) days from the date of service of the Rule 45 subpoena upon it to serve the Defendant Doe with a copy of the subpoena and a copy of this Order. The Defendant shall then have fourteen (14) days to file any motions with this Court to contest the subpoena, as well as to request to litigate the subpoena anonymously. During this fourteen-day period, if Defendant contests the subpoena, it shall so notify the ISP, which shall then not turn over any information to the Plaintiff. After resolution of any motion relating to the subpoena, the Court will instruct the ISP when it may, if ever, turn the requested discovery over to the Plaintiff.

6. Alternatively, if the fourteen-day period referenced in the preceding paragraph elapses without Defendant contesting the subpoena, the ISP shall have seven (7) days thereafter to produce to Plaintiff the information which is responsive to the subpoena.

7.  Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of July, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE